## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LIN ZHIJUN,

     Petitioner,

v.

                                        Case No. 2:26-cv-01274-MIS-JFR

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
TODD LYONS; Acting Director of
Immigration and Customs Enforcement;
TODD BLANCHE, Acting Attorney General
of the United States; and MARKWAYNE
MULLIN, Secretary of the U.S. Department
of Homeland Security,

     Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Lin Zhijun's Petition for Writ of Habeas

Corpus ("Petition"), ECF No. 1, filed April 23, 2026. Respondents Mary De Anda-Ybarra, Todd

Lyons, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a Response on May

11, 2026, ECF No. 7.

Counsel for Respondents argues that Petitioner is being permissibly held under mandatory

detention because, while Petitioner has been in custody for more than six-months while under a

final order of removal, he is responsible for the delay in his removal. Resp. at 4, ECF No. 7.

---

[1]     Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

"After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. But

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

§ 1231(a)(1)(C).

Petitioner was ordered removed by an Immigration Judge on October 27, 2025. Id. at 2. Petitioner failed to file an appeal by the November 26, 2025 deadline, id., making his order of removal final, see id. Ninety days after Petitioner's final order of removal, the Government provided Petitioner "with passport-related documents" for him to fill out to facilitate his removal. Id. at 2. Zhijun initially stated he needed more time to complete the documents but then stated he would not complete the paperwork. Id. He has subsequently "refused to complete any passport-related documents." Id.

The Court finds Petitioner remains in the mandatory detention period since he has refused to make a "timely application in good faith for travel or other documents necessary to his departure." § 1231(a)(1)(C). As he must remain in mandatory detention, there is no basis for release from custody and his Petition is denied. If he completes the required documents, he may file another petition and the court in that case can evaluate his time in custody and whether there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

Petitioner also filed an Emergency Motion for Leave to File an Amended Petition for Writ of Habeas Corpus ("Motion"), ECF No. 8, on May 12, 2026, based on his intent to file "a Motion to Reopen his removal proceedings in the very near future," id. ¶ 6. The Court has no jurisdiction to entertain a habeas petition based on potential filings and a potential change in his removal status. The Court therefore denies Petitioner's Motion. Petitioner may file another petition in the future if his status has changed.

Accordingly, it is **HEREBY ORDERED** that Petitioner Lin Zhijun's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice and Petitioner's Emergency Motion for Leave to File an Amended Petition for Writ of Habeas Corpus, ECF No. 8, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3